UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEISZLER and JOSEPH STYGER,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGIES, INC.<br><br>Defendants. | Case No.  3:10-cv-2010 MMC<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO CLASS |

The parties to this litigation have entered into a Settlement Agreement (dated November 30, 2010 and submitted to the Court on December 3, 2010) to settle the above-captioned putative class action in its entirety, and Plaintiffs have filed a Motion for Preliminary Approval of Class Action Settlement and a supporting memorandum, which Defendant Align Technology, Inc. ("Align" or "Defendant") does not oppose. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

The Court read and considered the Settlement Agreement and all the Exhibits thereto, including the proposed Class Notice and Election Form, and held a hearing on December 17, 2010.

The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and the Action dismissed (including the dissemination of the amended Class Notice attached as Exhibit 1 to this Order).

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies that this action may proceed as a class action for settlement purposes on behalf of a Class, which is defined as:

> all persons who completed either Clear Essentials 1 or Clear Principles training through Align and whose accounts were deactivated or suspended as a result of Align's proficiency requirements in or after January 2010.

A person who falls within the definition of the Class and does not validly opt out of the Class pursuant to the procedure set forth in the Court's Preliminary Approval Order is a "Class Member."

1    2.     The Court hereby appoints Christopher J. Leiszler DDS and Joseph Styger
2 DDS to serve as Class Representatives ("Plaintiffs" or "Class Representatives") and Stueve
3 Siegel Hanson LLP to serve as Class Counsel ("Class Counsel").
4    3.     The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil
5 Procedure have been satisfied. Plaintiffs have demonstrated in their present motion that, for
6 the purposes of settlement, they meet the Rule 23(a) requirements of numerosity,
7 commonality, typicality, and adequacy.  Similarly, Plaintiffs have also demonstrated that, for
8 the purposes of settlement, they meet the requirement of Rule 23(b)(3) in that common
9 questions predominate and that a class action is the superior method of adjudication.
10 Consequently, the Court hereby certifies a settlement Class as set forth above.
11    4.     The terms of the Settlement Agreement are sufficiently fair, reasonable, and
12 adequate to allow dissemination of the amended Class Notice to the members of the Class.
13 This determination permitting notice to the Class is not a final finding that the Settlement
14 Agreement is fair, reasonable and adequate, but simply a determination that there is probable
15 cause to disseminate notice to the Class Members and to hold a hearing on final approval of
16 the proposed settlement.
17    5.     The Court shall consider an application by Class Counsel for an order awarding
18 Class Counsel reasonable attorneys' fees and reimbursement of their litigation expenses, and
19 awarding the Class Representatives reasonable incentive payments.  This application shall be
20 filed no later than February 4, 2011, and shall be made available on the settlement website.
21    6.     Pursuant to Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure and 28
22 U.S.C. § 1715(d), a hearing (a "Fairness Hearing") shall be held on April 8, 2011 at 9:00
23 a.m. before the undersigned in Courtroom 7 of the United States District Court for the
24 Northern District of California, for the purpose of finally determining whether the proposed
25 Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court.
26 The Court will also consider all argument, if any, related to the Fee and Expense Application
27 during the Fairness Hearing.
28

1  7. Approval is hereby given to the form of and the provisions for disseminating
2 the amended Class Notice to Class Members in the form attached hereto as Exhibit 1 to this
3 Order.  The Court finds that the amended Class Notice to be given constitutes the best notice
4 practicable under the circumstances, including individual notice to all Class Members who
5 can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to
6 Class Members in full compliance with the requirements of applicable law, including the Due
7 Process Clause of the United States Constitution.  The costs of providing notice to the Class
8 Members and processing claims shall be borne by defendant Align.
9  8. By January 7, 2011, Align shall cause individual notice, substantially in the
10 form attached hereto as Exhibit 1, and the relevant portions of the Election Form,
11 substantially in the form attached to the Settlement Agreement as Exhibit A-2, to be mailed to
12 all Class Members, as defined in the Settlement Agreement.  For purposes of identifying such
13 persons, Align agrees to provide, to the extent it has not already done so, all names and
14 addresses of Class Members to the Settlement Administrator for effectuating notice.  For each
15 individual notice that is returned as undeliverable, the Settlement Administrator shall conduct
16 an advanced address search (aka "skip trace") regarding the Class Member to obtain a
17 deliverable address.  The Settlement Administrator shall diligently report to Class Counsel
18 the number of individual notices initially returned as undeliverable; the number of additional
19 individual notices mailed after an advanced address search; and the number of those
20 additional individual notices returned as undeliverable.
21  9. Each potential Class Member who wishes to be excluded from the Class must
22 submit a request for exclusion to the Settlement Administrator at the address specified in the
23 amended Class Notice.  Such requests for exclusion must be postmarked not later than March
24 4, 2011.   To be effective, the request for exclusion must: (a) include the Class Member's full
25 name, address, and telephone number, and signature and (b) specifically state his or her
26 desire to be excluded from the Class in *Christopher J. Leiszler DDS and Joseph Styger DDS*
27 *v. Align Technology Inc.*  Any Class Member who fails to submit a timely and complete
28

1 | request for exclusion shall be subject to and bound by all proceedings, orders, and judgments
2 | of this Court pertaining to the Class pursuant to the Settlement Agreement.
3 |     10.    The Settlement Administrator shall tabulate requests for exclusion, if any,
4 | from prospective Class Members and shall report the names and addresses of such persons to
5 | the Court, Class Counsel and to Align no later than April 1, 2011.
6 |     11.    Any member of the Class who intends to object or comment upon the fairness
7 | of the Settlement or on Class Counsel's Fee and Expense Application must file such
8 | objection or comment by March 4, 2011, and provide copies of the objection or comment to:
9 | (1) Stueve Siegel Hanson LLP, c/o Invisalign Objection, 460 Nichols Road, Suite 200,
10 | Kansas City, MO 64112; and (2) Wilson Sonsini Goodrich Rosati c/o Rod Strickland, 650
11 | Page Mill Rd., Palo Alto, CA 94304. Each objection must include the Class Member's name,
12 | address, telephone number, and signature. Additionally, each objection must specifically
13 | state whether the Class Member intends to appear in person, or through counsel, at the
14 | Fairness Hearing and the reasons for his or her objection to the Settlement.
15 |     12.    Any Class Member who does not file a timely written objection to the
16 | settlement shall be foreclosed from seeking any adjudication or review of the settlement by
17 | appeal or otherwise.
18 |     13.    On or before February 4, 2011, Class Counsel shall present a motion for final
19 | approval of the Settlement, attorneys' fees, costs and incentive awards. On or before March
20 | 25, 2011, Class Counsel may file a response to any timely and properly filed objection to the
21 | Settlement Agreement or the Fee and Expense Application.
22 |     14.    Following the Fairness Hearing, and based upon the entire record in this
23 | matter, the Court will decide whether the Settlement Agreement should be approved and, if
24 | so, what amount of fees and expenses should be awarded.
25 |     15.    Pending final determination of the application for approval of this Settlement
26 | Agreement, all proceedings in this Litigation other than the settlement approval proceedings
27 | and proceedings related to the Fee and Expense Application shall be stayed.
28 |

16. After consideration of issues relating to comity and the complexity of this Litigation, the Court finds that simultaneous proceedings in other fora relating to the claims in this action would jeopardize this Court's ability to rule on the proposed Settlement Agreement, would substantially increase the cost of litigation, would create risk of conflicting results, would waste Court resources, and could prevent the Class Representatives and Class Members from benefiting from any negotiated settlement. Permitting another court to interfere with this Court's consideration or disposition of this case would seriously impair this Court's flexibility and authority to decide this case. The Court, therefore, finds that an order protecting its jurisdiction is necessary in aid of this Court's jurisdiction.

17. Accordingly, in order to protect its jurisdiction to consider the fairness of this Settlement Agreement, to certify, if appropriate, a Class for settlement purposes, and to enter a Final Order and Judgment having binding effect on all Class Members, the Court hereby enjoins all Class Members, and anyone who acts or purports to act on their behalf, from pursuing all litigation or further proceedings in any other state or federal court, tribunal, agency, or forum in any state or federal court other than this Court that seeks to address the parties' or the Class Members' rights and claims based upon, relating to, or arising out of the claims related to Class Members' deactivation or suspension as Invisalign prescribers because of Align's "Proficiency Requirement." This injunction expressly applies to the Class Members and to all potential Class Members (e.g., anyone who is a member of the Class) pursuing *Christopher J. Leiszler DDS and Joseph Styger DDS v. Align Technology Inc.* 3:10-cv-2010-MMC, and any future cases involving the above-referenced issues.

18. Inasmuch as counsel for Align has the best knowledge concerning the identity of those Class Members and potential Class Members who are pursuing, or may in the future pursue, competing lawsuits, counsel for Align are instructed to notify the courts in which

5

1 | those lawsuits are, or may in the future be, pending, and all other counsel in those lawsuits, of
2 | the existence of this injunction.

4 | Dated: December 23, 2010

_____
JUDGE OF THE U.S. DISTRICT COURT

6

CASE NO. 10-CV-2010 MMC