UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEISZLER and JOSEPH STYGER, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC., a California Corporation,<br><br>　　　　　　　Defendant.. | Case No.  10-cv-2010 MMC<br><br>**FINAL ORDER AND JUDGMENT** |

1      On December 23, 2010, the Court entered an Order Granting Preliminary
2 Approval of Proposed Settlement and Directing Dissemination of Notice to the
3 Class (Dkt. No. 28) that preliminarily approved the proposed Settlement
4 Agreement in this Litigation and specified the manner in which Defendant
5 Align Technology Inc. ("Align") was to provide Class Notice to the Settlement
6 Class.  All capitalized terms used in this Order have the meaning as defined in
7 the Settlement Agreement, which is incorporated herein by reference.

8      Within ten (10) days of the filing of the Motion for Preliminary Approval, Align
9 complied with the requirements of 28 U.S.C. § 1715(b) by serving the appropriate
10 documents and other information on the appropriate State and Federal officials.

11      Following the dissemination of Class Notice and Election Form, Class Members
12 were given an opportunity to (a) request exclusion from the Class, or (b) comment or
13 object to the Settlement Agreement and/or to Class Counsel's request for fees and
14 expenses and the Class Representatives' application for an incentive award.

15      A Fairness Hearing was held on April 8, 2011, at which time all interested
16 persons were given a full opportunity to state any objections to the Settlement
17 Agreement.  The Fairness Hearing was held 91 days after Align provided notice as
18 required by 28 U.S.C. § 1715(b) and paragraph 6 of the Preliminary Approval Order.

19      Having read and fully considered the terms of the Settlement Agreement, and
20 all submissions made in connection with it, including any objections, the Court finds
21 that the Settlement Agreement should be finally approved and the Action dismissed
22 with prejudice as to all Class Members who have not excluded themselves from the
23 Class, and without prejudice as to all persons who timely and validly excluded
24 themselves from the Class.

25 //
26 //
27
28

IT IS HEREBY ORDERED that:

1. The prior provisional certification of the Class is hereby confirmed for purposes of the Settlement Agreement approved by this Order. The Class is defined as:

> all persons who completed either Clear Essentials 1 or Clear Principles training through Align and whose accounts were deactivated or suspended as a result of Align's proficiency requirements in or after January 2010.

2. The Court hereby approves the terms of the Settlement Agreement as fair, reasonable, and adequate as it applies to the Class, and directs consummation of all its terms and provisions. Each of the four objections that was filed has been considered and is overruled for the reasons stated on the record at the fairness hearing.

3. The Settlement Agreement shall be binding on Align and all Plaintiffs, including all members of the Class who have not been excluded pursuant to the Settlement Agreement.

4. The Court dismisses on the merits and with prejudice the First Amended Complaint. Upon the Effective Date, the Plaintiffs and each Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released all claims asserted in this lawsuit and all claims that could have been asserted in this lawsuit that arise from the same factual predicate as the allegations made in the Plaintiffs' Amended Class Action Complaint, including any claim based on suspension and/or deactivation of class members in or after January 2010 as a result of Align's "Proficiency Requirement".   Upon the Effective Date, Align and its past or present officers, directors, employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, and assigns, shall be deemed to have, and by operation of the

Final Order and Judgment shall have, released, waived, and discharged any and all legal claims, cross-claims, counterclaims, or other causes of action of any nature whatsoever against Plaintiffs, Class Members, or Class Counsel arising from or related to the Class Members' deactivation or suspension as an Invisalign prescriber for failure to meet the "Proficiency Requirement", including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims).

5. All members of the Class who did not duly request exclusion from the Class in the time and manner provided in the Class Notice are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Align or any of the other entities or persons who are to be discharged as noticed above in paragraph 4, based upon, relating to, or arising out of, any of the matters which are discharged and released pursuant to paragraph 4 hereof.

6. The Court dismisses without prejudice the claims of Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in the Settlement Agreement.

7. If the Settlement Agreement becomes null and void pursuant to the terms of the Settlement Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

8. Having reviewed Class Counsel's Fee and Expense Application, and having considered all arguments made in relation thereto, the Court concludes that an amount equal to 25% of the Settlement Fund, $1,994,087.50 shall be awarded to Class Counsel for fees and expenses related to the prosecution of this Action. The Court finds that Class Counsel have expended substantial and skilled time and efforts to bring this action to conclusion. These efforts included, but were not limited to, engaging in lengthy and independent factual investigation and informal discovery,

interviewing witnesses, preparing complete mediation briefs and engaging in numerous arms-length settlement discussions and meetings with Align, and posturing the case for an efficient and speedy recovery for the Class.  Additionally, the Court finds that this award is commensurate with the level of skill displayed by Class Counsel throughout the prosecution of this Action.  Finally, the Court finds this award appropriate in the light of the contingent nature of Class Counsel's fees and reimbursement of their expenses and the risk associated with these types of cases.  Given all these factors, and after a review of the complete record, the Court finds the amount awarded to be reasonable and fair.  Within ten (10) business days of this Order, the escrow officer is directed to wire transfer this amount to a bank account identified by Class Counsel.

9. The Court finds that each Class Representative should be awarded $5,000 as an Incentive Award for his efforts and expenses and the risks undertaken for his service as Class Representatives.  The Court concludes that this amount is just and reasonable under Ninth Circuit precedent and in accordance with California law.  Within ten (10) business days of this Order, Align is directed to mail checks to Class Counsel for each Class Representative in the amount specified in this paragraph.  Class Counsel is directed to deliver these checks to each Class Representative by mail or other means.

10. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all Class Members as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

11. The Clerk is directed to enter this Final Order and Judgment forthwith.

Dated: April 8, 2011

Honorable Maxine M. Chesney
United States District Court Judge

FINAL ORDER AND JUDGMENT
4